**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| TAJINDER SINGH | CIVIL ACTION |
|---|---|
| v. | NO.  14-7063 |
| ERIC HOLDER, et al. | |

Baylson, J.                                                                                                    December 2, 2015

### M E M O R A N D U M

At issue is whether summary judgment should be granted in this immigration dispute between plaintiff Tajinder Singh ("Plaintiff" or "Singh") and the Attorney General of the United States, the Secretary of the Department of Homeland Security, Director of the United States Citizenship and Immigration Services ("USCIS") Leon Rodriquez and USCIS Philadelphia Field Office Director Evangelia Klapakis (collectively, "Defendants").  The dispute arises out of Plaintiff's denied I-360 widower's petition for adjustment of status to lawful permanent residence.  After Plaintiff's appeal was dismissed by the Board of Immigration Appeals ("BIA"), Singh filed the instant action in the United States District Court for the Eastern District of Pennsylvania, seeking review under the Administrative Procedures Act ("APA") of the BIA's decision not to adjust Singh's status.  (Compl., Dkt. 1).

Plaintiff seeks summary judgment on his request for review of USCIS's denial of his I-360 widower's petition.  (Pl.'s Mot. Summ. J. 6, Dkt. 11).  Defendants seek summary judgment on Plaintiff's request.  (Def.'s Mot. Summ. J. 14, Dkt. 9).  Plaintiff does not dispute Defendants' Statement of Undisputed Facts as they are presented in Defendants' Motion for Summary Judgment.  (Pl.'s Mot. Summ. J. 1).

## I.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

On November 22, 2006, Singh, a citizen of India, married Tracey Denise Smith ("Smith"), a citizen of the United States.  (Compl. ¶ 15).  On February 7, 2007, Smith filed a Petition for Alien Relative ("Form I-130") on behalf of Singh, seeking to classify Singh as the spouse of a United States citizen.  (SINGHCAR ("Admin. R.") 87).  On July 20, 2007, both Plaintiff and Smith were interviewed, together and separately, by USCIS.  (Admin. R. 1193).  No further action was taken by Defendants for over four years.[1]  On May 31, 2011, USCIS again interviewed both Smith and Plaintiff.  (Compl. ¶ 17; Admin. R. 1193).  On June 30, 2011, USCIS issued a notice of intent to deny Smith's petition.  Plaintiff filed, on or about July 15, 2011, an Application to Adjust Alien Status ("Form I-485").  (Admin. R. 63).  On March 22, 2012, USCIS issued a denial of Smith's Form I-130 petition (Admin. R. 817-20), and Singh's Form I-485 application (Admin. R. 63).  Smith appealed the denial of her Form I-130 on April 22, 2012 (Compl. ¶ 19), which was dismissed by the BIA on August 28, 2012 (Admin. R. 765-66).

On May 14, 2012, Smith died.  (Admin. R. 86).  Subsequently, on October 10, 2012, Singh filed a petition for Amerasian Widow(er), or Special Immigrant ("Form I-360") with a new Form I-485 application.  (Admin. R. 407-18).  On May 31, 2013, USCIS issued a notice of denial for Singh's Form I-360 (Admin. R. 92-100), as well as his concurrently filed Form I-485 petition (Admin. R. 49-50).  The BIA affirmed the denial of the Form I-360 and dismissed Singh's appeal on November 7, 2014.  (Admin. R. 4-5).

On December 15, 2014, Singh filed the instant action in this Court seeking review under the APA of the denial of his I-360 petition.

---

[1] In <u>Mocanu v. Muller</u>, 2008 WL 372459, at *12 (E.D. Pa. Feb. 8, 2008), the Court noted, in a different context, how long unexplained delays are often unfairly prejudicial to applicants before USCIS.

## II.     JURISDICTION & LEGAL STANDARD

The Court's jurisdiction is grounded in the general federal-question jurisdiction statute, 28 U.S.C. § 1331, and review of the agency action is sought under the judicial review provisions of the APA, 5 U.S.C. §§ 701-06.

The parties' respective motions for summary judgment request that the Court determine whether USCIS lawfully denied Singh's Form I-360 petition.  Under Federal Rule of Civil Procedure 56(a), summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Because the parties are seeking review under the APA (Pl.'s Mot. Summ. J. 2; Defs.' Mot. Summ. J. 10), the district court sits as an appellate tribunal and the usual summary judgment standard does not apply.  See Uddin v. Mayorkas, 862 F. Supp. 2d 391, 399 (E.D. Pa. 2012).  In this situation, the administrative agency is the finder of fact, and the district court does not need to determine whether there are disputed facts to resolve at trial.  See Byrne v. Beers, 2014 WL 2742800, at *3 (E.D. Pa. June 17, 2014) (citing Occidental Eng'g Co. v. I.N.S., 753 F.2d 766, 770 (9th Cir. 1985)).

Under the APA, a district court may only hold unlawful and set aside agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  "This is a 'deferential standard' that 'presume[s] the validity of agency action.'"  SBS Inc. v. F.C.C., 414 F.3d 486, 496 (3d Cir. 2005) (alteration in original) (quoting Southwestern Bell Tel. Co. v. F.C.C., 168 F.3d 1344, 1352 (D.C. Cir. 1999)).  A court's scope of review under the "arbitrary and capricious" standard is narrow, and "[a] court is not to substitute its judgment for that of the agency' in an APA challenge."  NVE, Inc. v. Dep't of Health & Human Servs., 436 F.3d 182, 190 (3d Cir. 2006) (quoting Motor Vehicle Mfrs. Ass'n of U.S.,

3

Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).  Review is limited to the

administrative record that existed before the agency at the time of the decision, which must be

judged solely on the grounds raised by the agency.  See Dia v. Ashcroft, 353 F.3d 228, 241 (3d

Cir. 2003).

The court applies the same standard in determining whether an agency's actions were

arbitrary and capricious or an abuse of discretion.  See Mirjan v. Attorney Gen. of U.S., 494 Fed.

App'x 248, 250 (3d Cir. 2012) (citing Donovan v. Adams Steel Erection, Inc., 766 F.2d 804, 807

(3d Cir. 1985)).  An agency's decision violates this standard where:

> [T]he agency has relied on factors which Congress has not
> intended it to consider, entirely failed to consider an important
> aspect of the problem, offered an explanation for its decision that
> runs counter to the evidence before the agency, or is so implausible
> that it could not be ascribed to a difference in view or the product
> of agency expertise.  The reviewing court should not attempt itself
> to make up for such deficiencies; we may not supply a reasoned
> basis for the agency's action that the agency itself has not given.

CBS Corp. v. F.C.C., 663 F.3d 122, 137 (3d Cir. 2011) (quoting State Farm, 463 U.S. at 43).  An

agency's decision should only be reversed when the evidentiary record is "so compelling that no

reasonable factfinder could fail to find" to the contrary.  I.N.S. v. Elias-Zacarias, 502 U.S. 478,

484 (1992).  On the other hand, where an agency reaches its decision "by 'examin[ing] the

relevant data . . . [and] articulat[ing] a satisfactory explanation for its action including a rational

connection between the facts found and the choice made,'" the decision conforms with the law.

CBS Corp., 663 F.3d at 137 (quoting State Farm, 463 U.S. at 43).

### III.   CONCLUSION

Defendants' findings challenge the "bona fides" of the marriage legally entered into by

Plaintiff and Smith.  Because the facts of this case raised unusual issues, the Court held oral

argument.  Before making any decision, the Court will require counsel to answer certain questions set forth in the Order of even date.

An appropriate Order follows.

O:\CIVIL 14\14-7063 singh v. holder\14cv7063.memo.12.2.15.doc