IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TAJINDER SINGH | CIVIL ACTION |
|---|---|
| v. | NO. 14-7063 |
| ERIC HOLDER, et al. | |

**O R D E R**

**AND NOW**, this 2nd day of December, 2015, following oral argument on December 1, 2015, the Court asks counsel to respond to the following issues:

1. Did the Government ever give notice, prior to the decision of June 30, 2011, that it was proceeding on a theory that the marriage was fraudulent *ab initio*, i.e., that the marriage was a "sham"?

2. Does the record show why there was a delay from the time Plaintiff's decedent wife Tracey Denise Smith ("Ms. Smith") submitted her Form I-130 on February 7, 2007 and the July 20, 2007 interview until the notice of intent to deny (the "NOID") issued on June 30, 2011?

3. Does the record show that either Plaintiff or Ms. Smith was on notice of any kind of investigation prior to receiving the NOID issued on June 30, 2011?

4. How should the Court review the final decision considering that the Government concedes that Plaintiff and Ms. Smith were legally married under Pennsylvania law and that the decision focused on the personal aspects of the couple's married life some years after they were married?

   a. Is the decision of the United States Citizens and Immigration Service valid given both the personal nature of a married relationship and the fact that the agency's investigation continued some four to five years after Plaintiff and Ms. Smith were legally married?

Case 2:14-cv-07063-MMB Document 17 Filed 12/03/15 Page 2 of 2

      b.     Is due process violated where the same agency which does the investigation also adjudicates the issue?

    4.     In view of the desire expressed by Plaintiff's counsel to supplement the record, he shall provide to the Government a narrative of the facts and any supporting documents within forty-five (45) days. The Government shall promptly determine whether to stipulate to supplementing the record.

    5.     Within sixty (60) days, the stipulation or motion to supplement the record shall be filed, together with a memorandum citing cases or other authorities on which either party relies. The memorandum should also discuss the following issue:

      a.     As recognized in Brown v. Napolitano, 391 Fed. App'x 346, 350-52 (5th Cir. 2010), the showing required for finding a "sham" marriage is different than that required for finding a "bona fide" marriage. There are at least two (2) cases in which a court has granted a plaintiff's motion for summary judgment, determining that the agency's underlying finding of marriage fraud was not supported by substantial and probative evidence, and as such was arbitrary and capricious. See Boansi v. Johnson, No. 12-47, 2015 WL 4475704 (E.D.N.C. July 20, 2015) (granting summary judgment to plaintiff and remanding case to USCIS for re-adjudication of plaintiff's petition); Delcore v. Holder, 13-8266, 2015 WL 1858363 (N.D. Ill. Apr. 20, 2015) (granting summary judgment to plaintiffs and remanding case to USCIS for re-adjudication of plaintiffs' petition).

**BY THE COURT:**

/s/ Michael M. Baylson

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 14\14-7063 singh v. holder\14cv7063.questions.12.1.15.doc